UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DELTA HEALTH ALLIANCE, INC.**                                                           **PLAINTIFF(S)**

**VERSUS**                         **CIVIL ACTION NO. : 4:15cv58-SA-JMV**

**BURWELL,** *et al*                                                                              **DEFENDANT(S)**

## RULE 16 INITIAL ORDER

The court will conduct a Telephonic Case Management Conference [CMC] in this action on **December 9, 2015,** at **10:00 am** before:

Magistrate Judge Jane M. Virden
305 Main Street, Room 364
Greenville, MS 38701
Telephone Number to use for CMC: **662-335-9214**
E-mail: judge_virden@msnd.uscourts.gov

*UNLESS OTHERWISE AGREED, IT SHALL BE THE RESPONSIBILITY OF COUNSEL FOR THE PLAINTIFF TO ARRANGE AND INITIATE THE CONFERENCE CALL AT THE SCHEDULED TIME TO THE NUMBER ABOVE*. THE MAGISTRATE JUDGE MAY REQUIRE COUNSEL AND THE PARTIES TO ATTEND THE CMC.

PLEASE NOTE: Counsel must always use the NEW Case Management Order Form on the court web site at www.msnd.uscourts.gov as Form No. 1 in the revised Uniform Local Civil Rules, effective December 1, 2009, in their discussions and preparation for the CMC. Because the form is updated regularly, counsel should always use the link to the form rather than saving the form to counsel's computer system. Please do NOT "print" to PDF before sending it to the court; which will change the document to a read-only file. Instead save CMO and forward it to the court in that format so that changes can be made by the court during the conference.

## FED. R. CIV. P. 26(F) ATTORNEY CONFERENCE

No later than twenty-one days before the CMC, counsel must confer in person or telephonically and be prepared to report to the court:

1. The principal factual and legal issues in dispute;

2. The principal evidentiary basis for claims and defenses;

3. The differentiated case management case track, days required for trial, and whether the case should be considered for Alternative Dispute Resolution (ADR);

4. Any motions whose early resolution would have significant impact on the scope of discovery or other aspects of the litigation;

6. What additional discovery is required beyond the voluntary disclosures and initial depositions of the parties, with designated time limitations;

7. Each of the eleven discrete matters related to electronically stored information specified in L.U.Civ.R. 26(e)(2)(B);

8. Whether all parties consent to jurisdiction by a magistrate judge;

9. The appropriate time for a L.U.Civ.R. 16(g) settlement conference;

10. Both settlement prospects and the costs of going through litigation and the appeal process, which counsel must explore fully with each other and their respective clients and represent to the court that they have done;

11.. The contents of a proposed case management order. The court will determine all deadlines at the case management conference itself.

## PROPOSED CASE MANAGEMENT ORDER
## CONFIDENTIAL SETTLEMENT MEMORANDA

Counsel must submit a proposed case management order **by e-mail** (**NO FAXES**) to the magistrate judge no later than **November 25, 2015**. At the same time counsel must also submit a memorandum (3-page maximum) with a brief explanation of the case and a candid appraisal of the parties' respective positions, including possible settlement figures and a good faith estimate of the expense of carrying the litigation through trial and the appellate process, if not settled. Counsel must have discussed, and will represent to the court that they have in fact discussed, these costs with their respective clients and must be prepared to candidly discuss them with the court. These memoranda are **not** to be exchanged, will be viewed only by the court, will not become a part of the record and will be destroyed upon the resolution of the case.

## CASE MANAGEMENT PLAN

At the Case Management Conference, the court and the parties will:

1. Identify the principal factual and legal issues in dispute;

2

2. Identify the alternative dispute resolution procedure which counsel intend to use, or report specifically why no such procedure would assist in the resolution of the case;

3. Indicate whether all parties consent to jurisdiction by a magistrate judge;

4. Review the parties' compliance with their disclosure obligations and consider whether to order additional disclosures;

5. Determine whether there is discoverable ESI and, if so, the means by which it will be obtained and produced;

6. Determine whether early filing of any motions might significantly affect the scope of discovery or other aspects of the litigation, and provide for the staged resolution, or bifurcation of issues for trial consistent with 42(b) F.R.Civ.P.;

7. Determine the plan for at least the first stage of discovery; impose limitations on each discovery tool, time periods and other appropriate matters;

8. Determine the date for a settlement conference or mediation;

9. Set appropriate deadlines for completion of discovery and filing motions and dates for the final pretrial conference and trial.

### **CASE MANAGEMENT ORDER**

The court will enter a Case Management Order within ten days of the conference.


/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE


Date: November 3, 2015